Sharpstein, J.
Appellant applied to the superior court of the city and county of San Francisco for a writ of mandate to compel respondent, as treasurer of said city and county, to pay to the petitioner certain moneys received by him in his official capacity. A general demurrer to the petition was interposed and sustained, and this appeal is from the judgment thereupon entered, denying the relief sought.
A writ of mandate may be issued by any court, except a justice’s or police court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. (Code Civ. Proc., sec. 1035.)
The contention of appellant is, that the law specially enjoins upon respondent, as a duty resulting from his office as treasurer, the payment to appellant the moneys demanded of him by it, by reason of certain acts of the legislature, the first of which was approved April 1,1870, and provides, among other things, that “the Home for the Care of the Inebriates of San Francisco shall always be kept open for the reception and care of inebriates, both male and female, of every nationality and sect, free of charge for their support, care, or medical attendance, while they necessarily remain therein”; and that “any police judge or magistrate of the city and county of San Francisco is hereby empowered to commit any person whom he shall convict of habitual intemperance to said Home.”
But the act mainly relied on in support of appellant’s contention is an act entitled “An act to provide for the care and maintenance of inebriates and certain insane persons in the city and county of San Francisco,” approved March 17, 1876, which provides that “the fines and forfeitures, not exceeding eight hundred dollars in the aggregate in any one month, imposed and collected by the police judge’s court in and for the city and county of San Francisco, from persons arrested for being drank, or under the influence of liquor, shall be, by *144 the clerk of said police judge’s court, immediately paid to the president, secretary, and treasurer, or a majority of them, at the Home for the Care of Inebriates of said city and county, for the support and maintenance of said Home for the Care of Inebriates, and the construction and improvements of a building for said Home for the Care of Inebriates”; and that “all persons in said city and county charged with being insane, and pending their examination, or found to be insane and en route for a state insane asylum, shall be placed in the said Home, .... without charge to said city and county.”
The treasurer of the city and county of San Francisco is not by this act enjoined, nor even authorized, to receive or disburse any of said moneys, but the duty of paying said moneys to the officers of the Home is expressly imposed upon the clerk of the police judge’s court, and he is required to pay it to them immediately.
Section 75 of article VI. of the Consolidation Act requires that “ all fines, penalties, and forfeitures imposed for offenses committed within the said city and county shall be received by'the clerk or magistrate of the respective court, and paid into the treasury thereof as a part of the police fund.” And since the passage of the act of March 17, 1876, it has been the duty of said clerk or magistrate to pay into said treasury any excess over eight hundred dollars received in any one month by them for fines, etc.
Whatever sum or sums the treasurer received from that source became at once a part of the police fund, out of which the fixed salaries of police captains and officers, chief of police, police judge, and clerk of the police court could alone be paid.
It is the duty of the treasurer to safely keep all moneys belonging to or paid into the treasury, and not to pay out any part- of said moneys except upon demands authorized by the Consolidation Act. By an act approved March 5, 1889, the clerk of each department of the police court is required to pay into the treasury of *145 said city and county, once a week, all fines and forfeitures imposed by said court. This act is clearly re-, pugnant to that which required the clerk of said court, to pay an amount, not exceeding eight hundred dollars-in any one month, of the fines and forfeitures imposed and collected by the police court from persons arrested for being drunk or under the influence of liquor, immediately to certain officers of appellant. Besides, the act of 1889 contains a clause repealing all acts and parts of acts in conflict with any of its provisions. But whatever effect may be given to this latter act, there is not, nor ever has been, any law which specially enjoins it as a duty of the respondent, resulting from an office, trust, or station, to pay to appellant any money from the treasury, no matter from what source received.
Judgment affirmed.
Paterson, J., concurred.